**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| BRANDY S. BALDWIN,<br>          Appellant, | DOCKET NUMBER<br>DA-0714-20-0041-B-1 |
| v. | |
| DEPARTMENT OF VETERANS<br>     AFFAIRS,<br>          Agency. | DATE:  April 17, 2026 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Don Edge, San Antonio, Texas, for the appellant.

Arthur Whitman, Esquire, Houston, Texas, for the agency.

**BEFORE**

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which dismissed her appeal of her removal as withdrawn, pursuant to a settlement agreement between the parties.  Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  See 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to find that the parties entered into a settlement agreement and understand its terms, and to dismiss the appeal as settled, we AFFIRM the initial decision.

## BACKGROUND

This is appeal is back before the Board following a remand order regarding the appellant's removal under 38 U.S.C. § 714. *Baldwin v. Department of Veterans Affairs*, MSPB Docket No. DA-0714-20-0041-I-1, Remand Order (June 17, 2024). Following the remand, the agency filed a motion to dismiss the appeal and attached a document titled "REMEDY ELECTION FORM" signed and dated by the appellant on January 4, 2024. *Baldwin v. Department of Veterans Affairs*, MSPB Docket No. DA-0714-20-0041-B-1, Remand File (RF), Tab 6 at 4, 6-7. In the motion, the agency explained that the appellant elected the remedy of a lump sum pay out without reinstatement in exchange for a waiver of all pending claims against the agency. *Id.* at 4. The agency provided a copy of the appellant's signed election to receive a lump sum payment in exchange for waiving all outstanding claims against the agency. *Id.* at 6-7. The agency's request for dismissal of the appeal was based on the following provision in the executed Remedy Election Form:

> I agree to release and waive any right to continue to pursue any complaint, claim, lawsuit, grievance, appeal, or proceeding of whatever nature arising from my adverse action by the Department pursuant to 38 U.S.C. § 714 predating my election . . . .  I hereby agree [that the agency] can use my Remedy Election Form as evidence of my express authorization to dismiss any pending complaint, claim, lawsuit, grievance, appeal, or proceeding of whatever nature arising from my adverse action by the Department pursuant to 38 U.S.C. § 714 predating my election.

*Id.* at 7.

Thereafter, the administrative judge issued a show cause order observing that the Remedy Election Form did not indicate that the parties intended for it to be entered into the record for enforcement purposes and instructing the appellant to explain why the appeal should not be dismissed with prejudice as withdrawn. RF, Tab 7.  The appellant did not respond.

On July 19, 2024, the administrative judge issued an initial decision dismissing the appeal.  RF, Tab 8, Initial Decision (ID).  She determined that the "appellant's withdrawal as reflected in the Remedy Election Form is voluntary, clear, and unequivocal," and that the appellant did not present evidence or argument that her appeal should not be dismissed as withdrawn.  ID at 2. Accordingly, the administrative judge dismissed the appeal.  ID at 3.

The appellant has filed a petition for review of the initial decision, asserting that, because the Remedy Election Form was not entered into the record for enforcement purposes, the Board cannot enforce its terms and that her case should be reopened.  Petition for Review (PFR) File, Tab 1 at 4.  She also asserts that she did not receive any emails from the Board because they "have been going to [her] junk folder," and that she does "not agree with the agency dismissing the case."  *Id.* at 3-4.  The agency has responded.  PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

The appellant's assertions on review concern the question of whether the Board can dismiss an appeal as settled based on a settlement agreement when the

parties have not indicated that the agreement should be entered into the record for enforcement purposes. The Board can consider a settlement agreement reached outside of a Board proceeding to determine its effect on a personnel action before the Board and any waiver of appeal rights, regardless of whether it has been entered into the record for enforcement purposes. *Swidecki v. U.S. Postal Service*, 101 M.S.P.R. 110, ¶ 7 (2006); *Gallagher v. U.S. Postal Service*, 96 M.S.P.R. 677, ¶ 14 (2004). Before dismissing a matter as settled, though, the Board must decide whether the parties have entered into a settlement agreement, whether they understand its terms, and whether they intend to have the agreement entered into the record for enforcement by the Board. *See Gerdts v. Department of Labor*, 111 M.S.P.R. 412, ¶ 14 (2009); *Mahoney v. U.S. Postal Service*, 37 M.S.P.R. 146, 149 (1988).

Here, the appellant certified in the agreement that she understood all the terms of the agreement, that she was not coerced into signing it, and that she had an opportunity to consult with an attorney or other representatives. RF, Tab 6 at 7. Therefore, we modify the initial decision to find that the parties have entered into a settlement agreement and understand its terms. *See Gerdts*, 111 M.S.P.R. 412, ¶ 14; *Mahoney*, 37 M.S.P.R. at 149. It is undisputed that the record does not demonstrate that the parties intended to have the agreement entered into the record for enforcement purposes. ID at 2.

The appellant's argument on review that the agreement has not been entered into the record for enforcement purposes and that her case, therefore, cannot be dismissed, appears to confuse the Board's reliance on the Remedy Election Form as the basis of its disposition of this appeal with the potential enforcement of the agreement in the future. Currently, neither party has asked the Board to enforce the terms of the settlement agreement because of an alleged breach of that agreement. That the Remedy Election Form was not included in the record for enforcement purposes does not affect her underlying agreement with the agency. Rather, the Remedy Election Form is "evidence of [her] express

authorization to dismiss any pending complaint, claim, . . . appeal, or proceeding pursuant to 38 U.S.C. § 714 predating [her] election." RF, Tab 6 at 7. Accordingly, such dismissal is appropriate. To the extent the appellant is attempting to challenge the validity of the settlement agreement as involuntarily entered into, she bears the burden of demonstrating such a claim. *See Gerdts*, 111 M.S.P.R. 412, ¶ 10 (explaining that, when an appellant withdraws an appeal pursuant to a settlement agreement, she may challenge the validity of the settlement agreement, regardless of whether it has been entered into the record for enforcement, if she believes that the agreement is unlawful, involuntary, or the result of mutual mistake); *Swidecki*, 101 M.S.P.R. 110, ¶ 13. The appellant has alleged no facts that would lead us to conclude the agreement was involuntarily entered into or otherwise unlawful.

The appellant's petition for review does not provide a basis to disturb the administrative judge's dismissal of this appeal.[2]

## NOTICE OF APPEAL RIGHTS[3]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following

---

[2] As noted, the appellant also asserts on review that she was not receiving any emails from the Board because they were sent to her "junk email. PFR File, Tab 1 at 3. This assertion does not provide a basis to disturb the initial decision. Upon the filing of her initial appeal, the appellant elected to register with the Board as an e-filer. *Baldwin v. Department of Veterans Affairs*, MSPB Docket No. DA-0714-20-0041-I-1, Initial Appeal File, Tab 1 at 2. The Board's regulations state that "E-filers are responsible for monitoring case activity . . . to ensure that they have received all case-related documents" and "for ensuring that email from mspb.gov is not blocked by filters." *See* 5 C.F.R. § 1201.14(i)(2), (3).

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the

EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of

petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                    _____

*Gina K. Grippando*

Gina K. Grippando
Clerk of the Board

Washington, D.C.